MAX R. ENGEL, Respondent, *v.* GUARANTY TRUST COMPANY OF NEW YORK, as Trustee, Appellant.

Submitted December 2, 1938; decided February 28, 1939.

*I. Howard Lehman, Mortimer Brenner* and *Morris L. Levinson* for appellant. The trust instrument creates remainder interests in plaintiff's distributees and they are beneficially interested in the trust. (*Doctor* v. *Hughes,* 225 N. Y. 305; *Whittemore* v. *Equitable Trust Co.,* 250 N. Y. 298; *Schoellkopf* v. *Marine Trust Co.,* 267 N. Y. 358; *Davies* v. *City Bank Farmers Trust Co.,* 248 App. Div. 380; *Beam* v. *Central Hanover Bank & Trust Co.,* 248 App. Div. 182; *Crackanthorpe* v. *Sickles,* 156 App. Div. 753; *Court* v. *Bankers Trust Co.,* 160 N. Y. Supp. 477; 172 App. Div. 955; 221 N. Y. 608; *Hammond* v. *Chemung Canal Trust Co.,* 141 Misc. Rep. 158.) If the settlor's distributees have beneficial interests in the principal of the trust, it may not now be revoked upon the consent of the former wife and the brother. (*Williams* v. *Sage,* 180 App. Div. 1; *Schoellkopf* v. *Marine Trust Co.,* 267 N. Y. 358; *Clowe* v. *Seavey,* 208 N. Y. 496; *Kent* v. *Church of St. Michael,* 136 N. Y. 10; *Monarque* v. *Monarque,* 80 N. Y. 320; *Tonnele* v. *Wetmore,* 195 N. Y. 436; *Newton* v. *Hunt,* 134 App. Div. 325; 201 N. Y. 599; *Downey* v. *Seib,* 185 N. Y. 427.)

*Hugo Pollock* for respondent. Under the trust instrument the grantor and his former wife are the only persons beneficially interested in the trust, and their joint consent to revocation constitutes compliance with section 23 of the Personal Property Law (Cons. Laws, ch. 41). (*City Bank Farmers Trust Co.* v. *Miller,* 278 N. Y. 134; *Whittemore* v. *Equitable Trust Co.,* 162 App. Div. 607; *Doctor* v. *Hughes,* 225 N. Y. 305; *Berlenbach* v. *Chemical Bank & Trust Co.,* 235 App. Div. 170; 260 N. Y. 539.) If it be held that the trust instrument created a contingent remainder in favor of any person other than settlor's former wife, the consent to revocation by his brother is, nevertheless, sufficient

compliance with the provisions of section 23 of the Personal Property Law. (*Corbett* v. *Bank of New York & Trust Co.*, 229 App. Div. 570; *Thatcher* v. *Empire Trust Co.*, 243 App. Div. 430; *Beam* v. *Central Hanover Bank & Trust Co.*, 248 App. Div. 182.)

LOUGHRAN, J. This controversy was submitted to the Appellate Division upon agreed facts pursuant to Civil Practice Act, sections 546–548.

On January 31, 1934, the plaintiff, as grantor, transferred and delivered certain securities to the defendant, as trustee. The trust agreement directed that the net income be paid to the grantor during his life and authorized the trustee at any time and from time to time to make payments to him from the trust principal of not more than an aggregate of $15,000.

It further provided: " Upon the death of the Grantor, the trust shall terminate and the principal thereof shall be paid to Margaret V. Engel, wife of the Grantor, provided she survive the Grantor. In the event that the said Margaret V. Engel shall not survive the Grantor, then upon the death of the Grantor the principal of said trust shall be paid over and delivered to such person or persons and in such amount or amounts as may be validly provided by the Grantor in such Last Will and Testament of his as may be duly admitted to probate, but if the Grantor shall die without making valid provision for the distribution thereof by duly probated Last Will and Testament, then the principal of said trust shall be paid over and delivered to such person or persons, and in such shares, interests and proportions as the same would have been distributable if the Grantor had been the owner thereof at the time of his death and had died intestate."

The grantor notified the trustee that he had revoked the trust pursuant to section 23 of the Personal Property Law (Cons. Laws, ch. 41) which provides: " Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore

or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

Margaret V. Engel and the grantor are now divorced. One of the agreed facts is that James Mack Engel, a brother of the grantor, is his only present next of kin. ⟨Another is: "No persons other than the said Margaret V. Engel and said James Mack Engel would be entitled under the intestacy laws of the State of New York to share in the distribution of the personal property of the plaintiff, were the plaintiff at this time to die intestate."⟩ It is also stipulated that both Margaret V. Engel and James Mack Engel are of full age and that both have validly consented that the trust be revoked and the principal thereof transferred and paid over to the plaintiff-grantor.

"The controversy submitted for decision is whether, upon the foregoing facts, the plaintiff is entitled to judgment revoking the said agreement of trust dated January 31, 1934, and directing the defendant to deliver to him the assets in its possession as trustee thereunder, upon payment of its lawful commissions and expenses." The Appellate Division gave such judgment to the plaintiff-grantor, taking the ground that the trust agreement did not express his purpose to create remainders in those who will be his distributees, and that contrariwise it did express his purpose to keep back a reversion for himself.

We think the reasoning of our opinion in *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298) commits us to just the opposite conclusion. There the question was whether a trust agreement reserved a reversion to the settlors or created remainders in their distributees. We held the latter alternative was the one intended. The chief reason for that view was the circumstance that the only provision which the settlors made for control by them of the trust principal gave them no power save that of testamentary disposition thereof. (Id. 301, 303.)

The instrument now before us likewise fails to provide for an assignment of the trust principal by the grantor. Its terms, moreover, admit of exercise of the reserved power of testamentary appointment only in the event of the grantor's survivorship of the remainderman, Margaret V. Engel. Significant, too, is the omission of any provision for return of the trust principal to this grantor beyond the $15,000 which he expressly retained the right to draw down. In this last aspect (though the total value of the *corpus* does not appear), the purpose of the grantor fully to divest himself of any other reversionary interest in this trust is clearer to a degree than was the like intent of the settlors which the court found in the *Whittemore* case — for there the settlors were to have the principal again on their survival of both life beneficiaries.

It is true that our opinion in the *Whittemore* case assumed that transfers of personal property are embraced by the ancient rule " that a reservation to the heirs of the grantor is equivalent to the reservation of a reversion to the grantor himself." (*Doctor* v. *Hughes*, 225 N. Y. 305, 310.) But this rule (as the *Doctor* and *Whittemore* cases show) is with us no more than a *prima facie* precept of construction which may serve to point the intent of the author, when the interpretation of a writing like this trust agreement is not otherwise plain. Inasmuch as for us that rule has now no other effect, it must give place to a sufficient expression by a grantor of his purpose to make a gift of a remainder to those who will be his distributees. We find in the present instance an adequate disclosure by the trust agreement of a purpose in the mind of this grantor to vest his presumptive heirs with rights which it would be beyond his power to defeat, except by testamentary provision.

Although it is not an agreed fact that persons now living (other than James Mack Engel) are blood relatives of the grantor, it is quite impossible to make a different assumption. Every human being born in lawful wedlock has an ancestry that burgeons out into vast numbers when you get into the higher branches of his family tree. From any one of

the ancestors of this grantor may stem another family line that is related to him by consanguinity. This whole group has a contingent remainder created by this trust indenture. " They take as purchasers through a beneficial right derived from the trust instrument, and all who have a share in that right and who may, by survival or other event, become members of the class entitled to the remainder have a beneficial interest in the trust which cannot be destroyed without their consent." (*Schoellkopf* v. *Marine Trust Co.*, 267 N. Y. 358, 363.) It is unnecessary to say whether there is any significance in the possibility that among that class may also be persons who are yet unborn.

Should it be thought that we have here let counsels of rigor have their way, it may also be called to mind that a solemn document is to be faithfully construed according to its terms as written by the parties.

The judgment of the Appellate Division should be reversed and judgment directed for the defendant Guaranty Trust Company of New York as trustee, etc., in accordance with this opinion, with costs payable out of the trust.

Finch, J. (dissenting). In accordance with the provisions of the Personal Property Law (§ 23) a trust in personal property may be revoked by the creator upon the written consent of all persons beneficially interested therein. The question here presented is whether all those beneficially interested in the trust have consented. The settlor and his former wife, the life tenant, have duly consented. By way of abundant caution the only next of kin of the settlor has likewise duly consented.

No rule of property has been better established over the course of the years than that a trust to pay the income thereof to the grantor and the principal upon his death to those who would take in intestacy unless otherwise appointed by the will of the grantor effects merely a reversion in the grantor and the next of kin take by descent and not by remainder. (*Doctor* v. *Hughes*, 225 N. Y. 305; *Berlenbach* v. *Chemical Bank & Trust Co.*, 235 App. Div.

170; affd., 260 N. Y. 539; *City Bank Farmers Trust Co.* v. *Miller*, 278 N. Y. 134.)

The facts are clear. The trust instrument, as pointed out by the Appellate Division in an opinion carefully written, plainly shows that the settlor established a life trust for himself, a remainder to Margaret, if she survives him, and a reversion in himself should Margaret predecease him. Beyond this plaintiff made no disposition of his estate. Outside of his former wife Margaret who consents, the settlor alone has the power to dispose of the property by will or if he dies without so doing, it goes to his next of kin. In either event it would go as his property. (*City Bank Farmers Trust Co.* v. *Miller, supra.*) A further indication that the grantor intended to retain a reversion in the principal subject only to the remainder interest of Margaret is the provision in the agreement giving the grantor the right to withdraw from the principal a sum not exceeding $15,000.

In *Schoellkopf* v. *Marine Trust Co* (267 N. Y. 358, 363) we said: " If the settlor had retained a reversion which would pass upon his death to his ' heirs ' or next of kin, then no consent would be necessary from them. They would then take, \* \* \* through succession to the interest of the settlor and he could consent to the destruction of that interest. (*Doctor* v. *Hughes*, 225 N. Y. 305.) "

Plaintiff is entitled to judgment revoking the trust instrument.

CRANE, Ch. J., LEHMAN, O'BRIEN and HUBBS, JJ., concur with LOUGHRAN, J.; FINCH, J., dissents in opinion in which RIPPEY, J., concurs.

Judgment accordingly. (See 280 N. Y. 687.)