RAYMOND T. FISH, Plaintiff, *v.* CHEMICAL BANK & TRUST COMPANY et al., as Trustees, Defendants.

First Department, December 20, 1945.

*James T. Van Steenbergh* of counsel (*McIntyre & Van Steenbergh*, attorneys), for plaintiff.

*Frank H. Detweiler* of counsel (*Robert McCormack* with him on the brief; *Cravath, Swaine & Moore*, attorneys), for defendants.

PECK, J. The essential facts are: Jean Mackenzie died on June 10, 1926, bequeathing all her residuary estate to the plaintiff. On November 19, 1926, plaintiff entered into an agreement with Charlotte L. R. Mackenzie, the mother and sole next of kin of Jean Mackenzie, providing that in consideration of Mrs. Mackenzie's consenting to the probate of her daughter's will, plaintiff would create a trust for her benefit in the sum of $20,000, the income to be paid to Mrs. Mackenzie for life, the plaintiff and Chemical Bank & Trust Company to act as trustees. On November 19, 1926, the plaintiff and the defendants, as trustees, entered into a trust agreement, which recited that the plaintiff was the sole residuary legatee under the will of Jean Mackenzie and desired to create a living trust for the benefit of her mother, Mrs. Mackenzie, and which created the trust, giving the income to Mrs. Mackenzie for life and upon her decease the principal to plaintiff absolutely forever, with the proviso that if he predeceased Mrs. Mackenzie, the principal should be paid " to the person or persons designated by the Donor by his Last Will and Testament, or if he leave no will, then to the Donor's next of kin, according to the Statutes of the State of New York then in force." The plaintiff has now served upon the defendant Chemical Bank & Trust Company a written notice of revocation of said deed of trust and demand

for the return of all the property transferred thereunder, and Mrs. Mackenzie has consented to the revocation upon the payment to her of $6,000 in cash. Plaintiff is now fifty-four years old, has two daughters, one twenty-three and one thirteen, and no other children or issue of deceased children. Mrs. Mackenzie is eighty-three years old.

Plaintiff claims that he and Mrs. Mackenzie are the only persons beneficially interested in the trust under section 23 of the Personal Property Law, and that together they are entitled to revoke the trust. Defendant Raymond T. Fish, as trustee, has consented to the proposed revocation, but the defendant Chemical Bank & Trust Company, while not unwilling to consent to the proposed revocation if its legal right to do so were clear, is uncertain as to whether the trust can be revoked without the consent, among others, of the infant daughter of the plaintiff, whose consent to any attempted revocation cannot be obtained.

The issue submitted upon the foregoing facts is whether the plaintiff is entitled to judgment revoking the deed of trust and directing defendants to deliver to him the securities in their possession as trustees. The question, legally stated, is whether the contingent provision in the deed of trust for the payment of the principal to the settlor's next of kin created a remainder in such next of kin or merely reserved a reversion to the settlor. That question is to be determined by ascertaining the settlor's intent in the trust agreement. (*City Bank Farmers Trust Co.* v. *Miller*, 278 N. Y. 134.)

Both parties to the controversy have cited cases they deem to be in point. No case cited is squarely applicable or controlling, however, and there is no rule of law stated in the cases which is determinative. The function of the court in such case is not to apply any precise legal formula but rather to ascertain the intent of the settlor as a matter of fact from the trust instrument and related documents. We mention related documents in this case because, while ordinarily the settlor's intent is to be determined from the deed of trust alone, in this case there is the background of the agreement between the settlor and the beneficiary, Mrs. Mackenzie, which agreement is mentioned in the preamble of the trust agreement and is pertinent to a determination of the settlor's intention as expressed in the trust agreement.

We entertain no doubt, upon the facts of this case, that it was the intention of the settlor in creating the trust to provide

only life benefits for Mrs. Mackenzie and a reversion to himself, and not to provide for his next of kin or create any remainder. Unlike the cases of *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298), *Engel* v. *Guaranty Trust Co.* (280 N. Y. 43), *Schoellkopf* v. *Marine Trust Co.* (267 N. Y. 358) and *Minc* v. *Chase National Bank* (263 App. Div. 141), in which the settlor made out a complete devisory program ending with his next of kin, and the courts held that the settlor had evinced an intention to create remainders in his next of kin, the settlor here has evinced no such intention. What is clear here is that the settlor, who was coming into a sum of money as a legatee of Jean Mackenzie, in order to avoid a will contest and make some provision for her mother, created a trust for the benefit of the mother for her life, with the intention that upon her death the corpus of the trust should revert to him absolutely. The provision in the trust deed for the contingency of his predeceasing Mrs. Mackenzie was only to provide for the distribution of that reversion in the eventuality that he should predecease Mrs. Mackenzie. It was not his intent, by the deed of trust or by the contingent provision with respect to the reversion, to create an estate in his next of kin or to create any benefits for them.

The defendant Chemical Bank & Trust Company distinguishes this case from cases relied upon by plaintiff like *Doctor* v. *Hughes* (225 N. Y. 305), involving a straight gift over to the settlor's "heirs at law," being those who would take by intestacy under the laws of the settlor's domicile at the time of his death, and which is tantamount to a reversion, upon the ground that the contingent provision here creates a special class of ultimate beneficiaries, being those who will be the settlor's next of kin according to the laws of the State of New York at the time of Mrs. Mackenzie's death.

While the specification of the law of New York as determining the next of kin (plaintiff is a resident of New York) has alternately been held to be significant (*Minc* v. *Chase National Bank, supra*) and not significant (*City Bank Farmers Trust Co.* v. *Miller*, 278 N. Y. 134; *Stella* v. *New York Trust Co.*, 224 App. Div. 50), and the making of a date subsequent to the settlor's death as the date for determining his next of kin has been taken as indicating an intention to create a remainder (*Schoellkopf* v. *Marine Trust Co.*, 267 N. Y. 358), those considerations are neither conclusive nor controlling. They are, like all the other facts of the case, such as the background of this trust and the settlor's acting as a trustee, to be considered and weighed in arriving at an over-all determination of the settlor's intent.

We find upon all the evidence that it was not the intention of the settlor to create a remainder in his next of kin and that no such remainder was created and that the trust has been effectively revoked by the settlor and Mrs. Mackenzie, whom we find to be the only parties in interest under section 23 of the Personal Property Law. Accordingly, the plaintiff is entitled to judgment revoking the deed of trust and the trust thereunder, and directing the defendants to deliver to him the securities in their possession upon payment of their lawful commissions and expenses, without costs.

MARTIN, P. J., TOWNLEY, CALLAHAN and WASSERVOGEL, JJ., concur.

Judgment unanimously directed for the plaintiff in accordance with opinion, without costs. Settle order on notice.