In the Matter of RACHEL SCHOLTZ, Appellant, against CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustee, Respondent.

Argued May 28, 1946; decided July 23, 1946.

*Bernard Jacobson* and *William J. Jones* for appellant. I. Section 23 of the Personal Property Law has been complied with and the trust should therefore be revoked. (*Doctor* v. *Hughes,* 225 N. Y. 305; *City Bank Farmers Trust Co.* v. *Miller,* 278 N. Y. 134; *Beam* v. *Central Hanover Bank & Trust Co.,* 248 App. Div. 182; *Pibus* v. *Mitford,* 1 Vent. 372; *Smith* v. *Title Guarantee & Trust Co.,* 287 N. Y. 500; *City Bank Farmers Trust Co.* v. *Miller,* 278 N. Y. 134.) II. Article 79 of the Civil Practice Act has been complied with and the trust should, therefore, be revoked. (*Thatcher* v. *Empire Trust,* 277 N. Y. S. 874; *Corbett* v. *Bank of New York,* 242 N. Y. S. 638; *O'Leary* v. *Grant,* 155 Misc. 98; *Kane* v. *O'Dell,* 171 App. Div. 324.) III. The trend of the law favors the revocation of the trust. (*Fish* v. *Chemical Bank & Trust Co.,* 270 App. Div. 251.)

*Harold A. Donegan* and *Francis S. Bensel* for trustee, respondent. I. All persons now living who may, at the date of the death of settlor's son, comprise "the Settlor's next-of-kin under the laws of the State of New York", have a remainder interest

in the trust. They are persons beneficially interested in the trust and no effective revocation thereof may be had under section 23 of the Personal Property Law without their consents in writing.. (*Matter of Chalmers,* 264 N. Y. 239; *Montignani* v. *Blade,* 145 N. Y. 111; *Engel* v. *Guaranty Trust Co.,* 280 N. Y. 43; *Schoellkopf* v. *Marine Trust Co.,* 267 N. Y. 358; *Minc* v. *Chase National Bank,* 263 App. Div. 141; *Whittemore* v. *Equitable Trust Co.,* 250 N. Y. 298; *Hopkins* v. *Bank of New York,* 261 App. Div. 465, 262 App. Div. 712, 285 N. Y. 857; *Rockland-Rockport Lime Co.* v. *Leary,* 203 N. Y. 469; *Shiya* v. *Erickson,* 156 Misc. 738.) II. Article 79 of the Civil Practice Act has no bearing on the ascertainment of " all the persons beneficially interested " in a trust under section 23 of the Personal Property Law.

*Jacob Shientag* as guardian ad litem, respondent. I. No reversion was created in or intended by the settlor; all those who may constitute the settlor's next of kin at the time of her son's death are beneficially interested in the trust estate and their consents to revoke are necessary. (*Doctor* v. *Hughes,* 225 N. Y. 305; *Matter of Chalmers,* 264 N. Y. 239; *Engel* v. *Guaranty Trust Co.,* 280 N. Y. 43; *Whittemore* v. *Equitable Trust Co.,* 250 N. Y. 298; *Schoellkopf* v. *Marine Trust Co.,* 267 N. Y. 358.) II. The necessary consents to revocation of the trust agreement by all those beneficially interested in the trust estate have not been obtained as required by section 23 of the Personal Property Law. The order denying revocation should be affirmed. III. The trust instrument evidences a clear, deliberate intention to eliminate any reversionary interest in the grantor; remainders were intended so as to exclude the trust property from settlor's gross estate. (*Klein* v. *United States,* 283 U. S. 231; *Commissioner of Internal Revenue* v. *Estate of Field,* 324 U. S. 113; *Goldstone* v. *United States,* 325 U. S. 687; *Knapp* v. *Hoey,* 24 F. Supp. 39, 104 F. 2d 99.) IV. No appeal lies from the order of September 27, 1944, denying petitioner's motion for reargument. (*Trifoglio* v. *M. & M. Transp. Co.,* 200 App. Div. 723; *Matter of Friedlander,* 261 App. Div. 924; *Babho Realty Co., Inc.,* v. *Feffer,* 230 App. Div. 866; *Bendan Holding Corporation* v. *Rodner,* 242 App. Div. 233.) V. The order of June 7, 1944, appointing a guardian ad litem was proper and should

be affirmed. Petitioner made the unknown remaindermen parties to the proceeding. The appeal from said order was not timely taken and should be dismissed. (*Goepel* v. *Kurtz Action Co.*, 158 App. Div. 879, 216 N. Y. 343; *Bausch & Lomb Optical Co.* v. *Rochester Photo Works, Inc.*, 173 App. Div. 919; *Sutton* v. *Bayles*, 132 N. Y. S. 327; *McGregory* v. *Schedler*, 180 N. Y. S. 419; *Corporation of Scholes* v. *Ficke Warehouses, Inc.*, 204 App. Div. 329; *Naftal* v. *Jarvis*, 203 App. Div. 75.)

LEWIS, J. Upon this appeal we are to determine whether the evidence before us is sufficient, within the requirements of section 23 of the Personal Property Law, to accomplish the revocation of an *inter vivos* trust.

The appellant is a widow whose only child is George C. W. Scholtz — a person over twenty-one years of age, unmarried and without issue. She has two brothers, two sisters, and two nephews and a niece who are the children of a deceased brother. On December 28, 1937, there was delivered to the respondent trust company a deed of trust executed by the appellant which transferred to the respondent cash and securities in trust for the following purposes: " To pay the net income thereof to George C. W. Scholtz, the Settlor's son, as nearly as possible in equal weekly installments during each and every week of his life; and upon his death to transfer, assign and pay over the principal thereof to the descendants of said George C. W. Scholtz, if any, him surviving, in equal shares, per stirpes and not per capita, and if he shall have no descendants him surviving, to transfer, assign and pay over the same to the Settlor's next-of-kin under the laws of the State of New York at the date of her said son's death, per stirpes and not per capita."

On April 10, 1944, when the trust had been administered for more than six years, the appellant served upon the respondent as trustee a written notice of her demand for and her consent to the revocation of the trust agreement. Simultaneously there was delivered to the respondent a written consent to the revocation of the same trust agreement executed by the petitioner's son, George C. W. Scholtz.

Our inquiry goes to the question whether the demand for revocation thus made by the appellant, accompanied by her son's written consent thereto, satisfies the requirements of

section 23 of the Personal Property Law. That statute provides: "Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

The determination of the question thus presented depends upon whether the trust instrument here involved reserved to the appellant as settlor a reversion of the trust estate or created a remainder therein. At Special Term the petitioner's motion for an order revoking the trust agreement was denied upon the ground that "It has not been established that all those persons beneficially interested have consented to the revocation. Specifically the nephews and nieces of the settlor have not consented. * * *" Thereafter the order entered upon such determination and two other orders by Special Term — one of which appointed a guardian ad litem for unknown contingent beneficiaries and the other denied a motion for reargument — were affirmed by the Appellate Division, one of the justices dissenting.

We may assume that the ruling by Special Term, as affirmed by the Appellate Division — that all persons beneficially interested had not consented to the revocation of the trust — had for its basis the conclusion that the trust instrument created a remainder and that the settlor had not reserved a reversion.

Our construction of the trust agreement has led us to the opposite conclusion. As we read the language used by the appellant its legal effect was to reserve a reversion — not to create a remainder. Here the direction to transfer the trust estate to the settlor's next of kin is — as in *Doctor* v. *Hughes* (225 N. Y. 305, 311) — "* * * equivalent to the reservation of a reversion. * * * The reservation of a reversion is not inconsistent with the creation of a trust to continue until the death of the reversioner. (*Doane* v. *Mercantile Trust Co.,* 160 N. Y. 494; *Matter of Asch,* 75 App. Div. 486, 495)." (See, also, *Smith* v. *Title Guarantee & Trust Co.,* 287 N. Y. 500, 504–505; *Guaranty Trust Co.* v. *Armstrong,* 294 N. Y. 666.)

We apply here the rule which was decisive in *Doctor* v. *Hughes* (*supra,* p. 312): "* * * that to transform into a remainder

what would ordinarily be a reversion, the intention to work the transformation must be clearly expressed. Here there is no clear expression of such a purpose.''

Our decision in the present case is not inconsistent with the rulings in *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298) and *Engel* v. *Guaranty Trust Co.* (280 N. Y. 43) where the language of the trusts involved led this court in each instance to conclude that it was the intention of the grantor to create a remainder rather than to reserve a reversion.

The order of the Appellate Division, insofar as it affirms the order of Special Term denying petitioner's motion for an order revoking the trust, should be reversed without costs, and the matter remitted to Special Term for proceedings not inconsistent with this opinion. Insofar as the Appellate Division order affirms two Special Term orders which, respectively, appointed a guardian *ad litem* for unknown contingent beneficiaries and denied a motion for reargument, the appeal should be dismissed upon the ground that such orders do not finally determine a special proceeding within the meaning of the Constitution.

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER and FULD, JJ., concur; DYE, J., taking no part.

Ordered accordingly.