Harris, J.
Submission of a controversy pursuant to sections 546-548 of the Civil Practice Act.
The parties hereto have entered into a stipulation of admitted facts, which facts are summarized as follows: John Satterfield, paternal grandfather of John P. Satterfield (known herein, as the plaintiff), died April 5, 1894, leaving him surviving his widow, the grandmother of the plaintiff, Matilda M. Satterfield, and the only issue of their marriage John Martin Satterfield, father of the plaintiff, and Marie Q-retchen Satterfield, later known as Marie Saunderson (who died February 27,1946), sister *129 of John Martin Satterfield. John Satterfield, the grandfather, left a last will and testament which was duly admitted. This last will and testament, among other matters, left to his widow, Matilda M. Satterfield, a power of appointment (in article Seventh thereof) as to a certain portion of his estate. Under such last will and testament of John Satterfield, certain other portions of his estate through the death of John Martin Satterfield, which predated that of his mother Matilda M. Satterfield, became distributable to the plaintiff and to his sister, Elaine Satterfield Cook. Elaine Satterfield Cook died December 23, 1939, leaving her surviving Charles Beckwith Cook, her husband, and their only issue Charles Beckwith Cook, Jr., and Rachel S. Satterfield Cook, both being now minors in age. Matilda M. Satterfield, the plaintiff’s grandmother, to whom thé power of appointment was given under the will of her husband, John Satterfield, died September 11, 1944. Early in the year 1932, and subsequent to the death of the plaintiff’s father, John Martin Satterfield, the grandmother Matilda M. Satterfield expressed to the plaintiff and to his sister Elaine Satterfield Cook, her deep concern because, due to the fact that their father, John Martin Satterfield, had predeceased the grandmother, that portion of certain properties which John Martin Satterfield would have taken if he had survived his mother, passed to the plaintiff and to his sister, Elaine Satterfield Cook, and thus Rachel P. Satterfield, the mother of John P. and Elaine, would be left without provision unless the grandmother, Matilda M. Satterfield, exercised the power of appointment given her by the will of her husband, John Satterfield. She stated to these two grandchildren that she was considering exercising the power of appointment in order to make provision for their mother, Rachel P. Satterfield. As an inducement to Matilda M. Satterfield so that she would not exercise the power of appointment, and in order to make proper provision for Rachel P. Satterfield, their mother, the two children each executed a separate trust agreement transferring to the defendant, as trustee, all of his and her right in the estate of the grandfather, John Satterfield. The court is concerned here with the trust agreement made by the plaintiff to the defendant. Such trust agreement entered into on the 14th day of May, 1932, between the plaintiff and the defendant, recited that it was made “ without reservation or power of revocation,” and further provided that during the lifetime of Rachel P. Satterfield the income and profits from such trust should be paid *130 by the defendant, the trustee, to Eachel P. Satterfield, in quarterly installments or of tener, and that “ Upon the death of Eachel P. Satterfield this trust shall cease and the Trustee shall distribute and pay over the trust funds and securities remaining in its hands unto the Donor if he be then living, and, if not, then to the issue of the Donor, per stirpes; and if there be no issue of the Donor, then to the heirs at law of the Donor in accordance with the statutes of the State of New York as the same exist at the date of the execution of this instrument.” Matilda M. Satterfield was informed of the creation of the two trust agreements, one by John P. Satterfield, and the other by Elaine Satterfield Cook, and, thereafter, provided in her will, which ivas probated after her death, as follows: “ I hereby elect not to exercise the power of appointment vested in me by Article Seventh of the Last Will and Testament of my late husband, John Satterfield, and declare it to be my intention that I shall die intestate as to the property referred to in said Article.” At the time of the execution of this trust agreement, the plaintiff was twenty-six years of age, a resident of the State of New York, unmarried and without issue. He has since married and lives with his wife in the State of Connecticut, but has no issue.
Eachel P. Satterfield is now upwards of sixty-six years of age. Under date of September 23, 1946, there was addressed to and delivered to the defendant, the Trustee, an instrument in writing, signed by John P. Satterfield, which contained the following: “ Dear Sirs: In accordance with the provisions of Section 23 of the Personal Property Law of the State of New York, and upon the written consent of Eachel P. Satterfield, the only person beneficially interested in a certain trust made by me as donor with the M & T Trust Company, now known as the Manufacturers and Traders Trust Company, under a trust agreement dated May 14, 1932, I do hereby revoke the said trust as to the whole thereof and I do hereby further demand from the said Manufacturers and Traders Trust Company the delivery to me of all property heretofore by me assigned, transferred and set over for the purposes of the said trust. Very truly yours, Johkt P. Satterfield ” and another instrument dated October 3, 1946, signed by Eachel P. Satterfield, which contained the following: Dear Sirs: Pursuant to Section 23 of the Personal Property Law of the State of New York, I, Eachel P. Satterfield, beneficiary under a trust agreement dated May 14, 1932, made by John P. Satter *131 field, donor, and the M & T Trust Company, now known as Manufacturers and Traders Trust Company, do hereby consent to the revocation of the said trust as to the whole thereof. Very truly.yours, Rachel P. Satterfield.” By these instruments John P. Satterfield, the plaintiff, and his mother, Rachel P. Satterfield, named beneficiary under the trust agreement of May 14, 1932, desired to and did consent to the, revocation of the said trust agreement made by John P. Satterfield for the benefit of his mother, Rachel P. Satterfield. The defendant-trustee has refused to comply with the demand for revocation of such trust agreement, but would not be unwilling to comply with the same providing the trust could be revoked without the consent of the minor children of Elaine Satterfield Cook, Charles Beckwith Cook, Jr., and Rachel S. Cook, who, due to their minority in age, may not consent to any attempted revocation of the trust agreement.
The controversy submitted for a decision is whether upon the foregoing stated facts the plaintiff, John P. Satterfield, is entitled to judgment that the trust agreement dated May 14, 1932, in which Ms mother, Rachel P. Satterfield, is designated as beneficiary, and the trust thereunder has been validly revoked, and whether the plaintiff is entitled to the delivery to him of the principal of such trust as demanded by him from the defendant and consented to by Rachel P. Satterfield.
It is to be noted that the stipulation of admitted facts recites that the parties hereto “ for the purposes of this action and submission only ” submit the same to the court for decision. In such a submission as this before the court, all the facts necessary to a complete determination of a controversy must be stipulated (Haase v. Title Guarantee & Trust Company, 269 App. Div. 319, affd. without opinion, 295 N. Y. 761; Rushing v. Commercial Casualty Ins. Co., 251 N. Y. 302) and where the admissions are made only for the purpose of a submission they are insufficient. (Denver Tramway Co. v. Bankers Trust Company, 180 App, Div. 433.) In other words, there must he before the court, on submission of a controversy, an unequivocal statement of facts. Although the language quoted above may be susceptible of a meaning to the effect that the parties hereto are stipulating solely for the purpose of getting advice from the court on a set of facts which may be changed under other circumstances, this court feels justified in taking the viewpoint that the parties hereto intended that the facts herein stipulated are so stipulated absolutely and without equivocation.
*132 Section 23 of the Personal Property Law is quoted as follows: “ Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof.” The plaintiff claims, by reason of the provisions of section 23 of the Personal Property Law, all that is necessary to secure the revocation of the trust agreement is the consent of himself and of his mother. The only quarrel that the defendant seems to have (so far as is brought before this court by brief or argument) is that the two minor children of Elaine Satterfield Cook.could fall within the description of the trust agreement which provision provides in the event of the death of John P. Satterfield (the plaintiff) before that of his mother, and on the cessation of the trust on the death of his mother, Eachel P. Satterfield, the proceeds of the trust are to be paid over either to the issue of the plaintiff, or, if there be no issue of the plaintiff at that time, to his heirs at law “ in accordance with the statutes of the State of New York as the same exist at the date of the execution of this instrument.” The plaintiff contends that the words in reference to issue are merely a recital of reservation and not of remainder. (Matter of Scholtz v. Central Hanover Bank and Trust Co., 295 N. Y. 488; Smith v. Title Guarantee & Trust Co., 287 N. Y. 500; Engel V. Guaranty Trust Co., 280 N. Y. 43; City Bank Farmers Trust Co. v. Miller, 278 N. Y. 134; Whittemore v. Equitable Trust Co., 250 N. Y. 298; Doctor v. Hughes, 225 N. Y. 305; Aranyi v. Bankers Trust Co., 201 App. Div. 706.) However, irrespective of this dispute, which is the only one raised by plaintiff and defendant before this court, there appears to this court to be a most substantial reason not presented or discussed by the parties hereto which would prevent judgment being given in favor of the plaintiff against the defendant herein, and this court will now discuss such reason or basis for judgment in favor of the defendant, and not of the plaintiff:
The very words of the trust agreement and the picture of facts as set forth by the stipulation herein, sharply present this situation as it existed after tie death of John Martin Satterfield, early in 1932:
Matilda M. Satterfield, the grandmother, had a power of appointment which she contemplated using for the benefit of *133 her daughter-in-law, Rachel P. Satterfield. In order to prevent her using such power of appointment, the plaintiff, John P. Satterfield, and his sister, Blaine Satterfield Cook, each made an agreement with their grandmother that certain portions of the estate of John Satterfield should he set aside for the benefit of their mother, Rachel P. Satterfield, thus quieting the fears of the grandmother that Rachel P. Satterfield would be without provision in worldly goods. The trust agreements made by John P. Satterfield and his sister Elaine Satterfield Cook, constituted the cause that induced the grandmother to die without exercising the power of appointment given her under the will of her husband, John Satterfield. There came into being a tripartite agreement among the grandmother, Matilda M. Satterfield, the granddaughter, Elaine Satterfield Cook, and the grandson, John P. Satterfield, for the benefit of Rachel P. Satterfield. Such agreement, the results therefrom, and the remedies thereunder, may be likened to those discussed in Lawrence v. Fox (20 N. Y. 268) and Seaver v. Ransom (224 N. Y. 233) cases in which a third party is made the beneficiary of an agreement between two other parties in which agreement really all three parties have their rights and remedies and benefits. A court should be chary in responding favorably to a demand made by a third-party beneficiary and one party who receives a consideration from the other party, to grant revocation of such agreement without the consent of all three parties. Some time the consent of the party who gave the consideration is unavailable, because that party has died. Here has occurred the death of Matilda M. Satterfield, who gave up the power of appointment on the inducement of her grandson creating the trust for the benefit of his mother, and the death of Elaine Satterfield Cook, who surrendered certain of her rights in her grandfather’s estate, each dying prior to the time that the beneficiary and the maker of the trust agreement desire to avoid the same. Equity and good conscience must cause the court to which the , application for revocation is made, to refuse approval of such revocation due to the inability of beneficiary and the trust-donor to place the two deceased parties in the position in which they stood when the trust agreements were made in 1932. John P. Satterfield is bound “ without reservation and without power of revocation ’ ’ to the agreement which he made with his grandmother and his sister, which agreement underlies and supports the trust agreement which he now endeavors to revoke; Rachel P. Satterfield, despite her own wishes, is to be kept secure in *134 the benefit which Matilda M. Satterfield planned and secured for her. (See Culver v. Title Guarantee & Trust Co., 296 N. Y. 74.)
The defendant is entitled to judgment in accordance with the above.
All concur. Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.
Submitted controversy determined in favor of defendant in accordance with the opinion, without costs.