Van Voorhis, J.
This submitted controversy is resolved by a determination that the disposition under the inter vivos trust agreement of the corpus as in case of intestacy of "the settlor, constituted a reversion rather than a remainder. Consequently, plaintiff is entitled to revoke the trust (Personal Property Law, § 23).
On the death of the settlor, for whose own benefit the income was to be paid during her life, the corpus was to go as disposed of by her will and, failing such disposition, to her mother, if living; but if the mother should not then be living, “ said principal shall go to such persons as would be entitled to the same under the intestacy laws of the State of New York.”
Manifestly, the mother had a remainder, but in event of her prior death, which actually has occurred, her remainder became divested, and on the death of settlor the corpus passes by descent to those entitled thereto under the intestacy laws in the absence of a last will and testament. While it is true that an exercise of the power of appointment - by will would have been essential to prevent settlor’s mother from taking, which explains the reason for its existence in the will, nevertheless after the mother’s death this power became merely an expression of settlor’s testamentary capacity to dispose of her own property. By the clause about intestacy, settlor simply *323 meant to eliminate any doubt that i£ she left no will she intended to die intestate respecting the reversion.
The foregoing result is indicated by Matter of Scholtz v. Central Hanover Bk. & Tr. & Co. (295 N. Y. 488), City Bank Farmers Trust Co. v. Miller (278 N. Y. 134) and Fish v. Chemical Bank & Trust Co. (270 App. Div. 251).
Plaintiff is entitled to judgment decreeing cancellation of the trust.
Cohn, Callahan and Peck, JJ., concur.
Judgment unanimously directed for plaintiff. Settle order on notice. [See post, p. 996.]