Callahan, J.
This is a submission of controversy upon an agreed statement of facts, pursuant to sections 546-548 of the Civil Practice Act.
The plaintiff is the settlor under a trust agreement relating to personal property, of which the plaintiff and the defendant are cotrustees. The question presented is whether the plaintiff has obtained sufficient consents to accomplish revocation of the trust under section 23 of the Personal Property Law.
The trust instrument, after providing for the payment of income to the plaintiff for life and thereafter to his wife, May Connor Julier, during her life, directs that, “ Upon the death of the said May Connor Julier, or, if she shall not survive the Settlor, then upon the death of the Settlor, the Trustees shall convey, transfer and pay over the principal of said trust fund and all accumulations thereon to the then child or children of the Settlor and the descendants of any deceased child or children of the Settlor, in equal shares, per stirpes, but in the event that there shall be no such child or children or descendants of deceased child or children, then to the then next of kin of the Settlor, according to the laws of the State of New York then in force and effect. ’ ’
The consent to revocation in this case was duly executed by the settlor, his wife and their two children. If the plaintiff were presently to die intestate, his wife and children would be his sole distributees under the laws of the State of New York.
The plaintiff contends that the provisions of the trust instrument with respect to distribution of principal should be construed to manifest an intention to reserve a reversion in the *600 settlor, and that the requirements of the statute (Personal Property Law, § 23) have accordingly been satisfied by the consent to revocation executed on his own behalf and by the settlor’s wife and living descendants.
The defendant contends that the terms of the trust agreement indicate an intention on the settlor’s part to create a remainder in those persons who would be his intestate distributees under the laws of the State of Hew York in effect at the time provided for distribution of principal. The defendant says that such persons are beneficially interested as remaindermen and required to consent to revocation.
Thus it will be seen that the case involves a familiar problem frequently before the courts on other occasions.
As was said in Smith v. Title Guarantee & Trust Co. (287 N. Y. 500, 504), “It is at times difficult to. draw the line-which marks the distinction between the reservation by a settlor of a reversion and the creation by the settlor of a contingent remainder to the settlor’s personal representatives or heirs.”
The difficulty of the problem is further illustrated by the fact that the courts have reached contrary conclusions in numerous cases despite considerable similarity in the provisions of the trust deeds relating to disposition of principal to the. next of kin of the grantors. Thus it was decided that the settlors had reserved reversions in City Bank Farmers Trust Co. v. Miller (278 N. Y. 134); Smith v. Title Guarantee & Trust Co. (supra); Guaranty Trust Co. of N. Y. v. Armstrong (294 N. Y. 666); and Matter of Scholtz v. Central Hanover Bank & Trust Co. (295 N. Y. 488). Other cases wherein it was held that remainders had been created in the next of kin are Whittemore v. Equitable Trust Co. (250 N. Y. 298); Schoellkopf v. Marine Trust Co. (267 N. Y. 358); and Engel v. Guaranty Trust Co. (280 N. Y. 43).
A detailed review of the trust instruments in these cases for the purposes of comparison or in an attempt to rationalize the decisions would require too extended a discussion and result in little benefit. Suffice it to say that we have features in the present deed of trust also to be found in the trust agreements considered in each of the foregoing groups of cases.
The general principles of law applicable to the question of construction presented on this submission of controversy are enunciated in Doctor v. Hughes (225 N. Y. 305) and may be summarized as follows:
1. “ A reservation to the heirs of the grantor is equivalent to the reservation of a reversion to the grantor himself ” (p. 310).
2. “ The reservation of a reversion is not inconsistent with *601 the creation of a trust to continue until the death of the reversioner ” (p. 311).
3. “To transform into a remainder what would ordinarily be a reversion, the intention to work the transformation must be clearly expressed ” (p. 312).
It might be well to point out, however, that in Engel v. Guaranty Trust Co. (supra) the first of these rules was limited to “ no more than a prima facie precept of construction ” which “ must give place to a sufficient expression by a grantor of his purpose to make a gift of a remainder to those who will be his distributees ” (p. 47).
In the present case a married man with children has created an irrevocable trust in favor of himself and wife for life. The trust instrument provides that on the death of the survivor of the life tenants the fund shall be transferred and paid over “ to the then child or children of the Settlor and the descendants of any deceased child or children ”. It is only in the event of the existence of no such persons that the provisions of the trust deed under construction become effective for distribution of principal “ to the then next of kin of the Settlor, according to the laws of the State of New York then in force and effect. ’* At the time of establishing this trust the settlor was a resident of this State. It seems to us more likely that under the circumstances he intended the possible ultimate" recipients of principal to take in accordance with the laws of descent and not by purchase under the deed of trust. He had already made provision for the principal objects of his bounty and was dealing with remote contingencies and persons more removed than his descendants. It is difficult to conceive that he was making a grant which would defeat his own rights or in his reference to next of kin intended any more than that the law should take its course in the contingency contemplated. We think that this is reasonably clear, or in any event that the intention to create a remainder is not expressed with sufficient clarity to overcome the prima facie precept of construction that a reservation to the heirs or next of kin of the grantor should be regarded as the equivalent of the reservation of a reversion to the settlor himself.
Accordingly, we hold that the consents submitted were sufficient to accomplish a revocation of the instant trust under section 23 of the Personal Property Law.
Judgment should be awarded to the plaintiff as demanded in the submission, without costs.
Peck, P. J., G-lennon, Dore and Cohn, JJ., concur.
Judgment unanimously awarded to the plaintiff as demanded in the submission, without costs. Settle order on notice.