In the Matter of the Revocation of a Trust between MARION E. PERCY, as Settlor, and FIDUCIARY TRUST COMPANY OF NEW YORK, as Trustee.

Supreme Court, Special Term, New York County, May 21, 1948.

*Benjamin Machinist* for Marion E. Percy, petitioner.

*Vincent R. Smalley* and *John Paul Good* for Fiduciary Trust Company, respondent.

*Milton D. Goldman* and *Sidney Rabekoff* for Milton Goldman, guardian ad litem of infants and all unknown persons.

HOFSTADTER, J. This is a proceeding under article 79 of the Civil Practice Act in which the petitioner prays for an order determining that a trust has been effectually revoked and directing the trustee to deliver the trust fund to the settlor. The trust indenture provides for payment of the income of the trust to the settlor for life and for payment or transfer of the principal on her death to such person or persons as she might by will appoint, and in default of such appointment, to her next of kin '' in the manner and proportions directed by the laws of the Commonwealth of Massachusetts for the distribution of the estates of persons dying intestate.'' The settlor was, when the trust was created in 1937, and still is a resident of Massachusetts. The indenture, however, provides that all questions pertaining to its validity, effect and administration shall be determined in accordance with the laws of New York. It provides further that the trust is irrevocable and that the settlor does not reserve any rights except such as are expressly set out. The settlor has served notice of revocation on the trustee and her husband, who would be one of her next of kin under Massachusetts law, has filed an affidavit in support of her application to declare the revocation effectual. The guardian ad litem of the settlor's three infant children who, with her husband, would today constitute her next of kin under Massachusetts law, and who are respondents herein, is also guardian ad litem of all unknown persons whether or not now in being, to whom as next of kin the settlor's estate would be distributed under Massachusetts law if she died intestate. The guardian reports that careful investigation yielded no information of any unknown next of kin now in being. He reports further that the two infant respondents who are over fourteen years of age are highly intelligent and are wholly familiar with this proceeding and its objective and that they as well as the third infant who is under fourteen have urged him to consent to the application. Accordingly the guardian joins in the petitioner's request for a revocation of the trust. The attitude of the infants and the concurrence therein of the special guardian form a setting for the case but hardly furnish a legal substitute for the consent of the infants to the revocation, if their interest in the trust is such as to make their consent necessary under section 23 of the Personal Property Law.

The question for determination is the familiar one whether the trust indenture creates a reversion in the settlor or a remainder in the next of kin. If the instrument merely reserved a reversion in the settlor she is free to revoke the trust without the consent of the infant respondents or other next of kin. The guardian ad litem, besides taking the position already noted, has submitted a memorandum in which he supports the petitioner's legal argument that the indenture created a reversion and not a remainder. The trustee, disclaiming any personal interest, neither supports nor opposes the petition, but, in submitting the question to the court, calls attention to some of the recent authorities which illustrate the seeming conflict adverted to in this opinion.

Provisions in trust deeds vary much like those in the instrument before the court in this proceeding have commanded the attention of our courts in many cases. Provisions so strikingly similar as to be almost the same have been construed as reversions in some cases and as remainders in others. The difference in result may perhaps be explained by the varying circumstances in the particular cases which colored the meaning of the instruments from which the intent of the settlor had to be drawn. Study of the trust indenture in this case persuades me that the intention of the settlor was to reserve a reversion, not to grant a remainder (*Matter of Scholtz* v. *Central Hanover Bank & Trust Co.*, 295 N. Y. 488; *Berlenbach* v. *Chemical Bank & Trust Co.*, 235 App. Div. 170, affd. 260 N. Y. 539; *Davies* v. *City Bank Farmers Trust Co.*, 248 App. Div. 380; *Julier* v. *Central Hanover Bank & Trust Co.*, 272 App. Div. 598). The petitioner is, therefore, entitled to a determination that the trust has been validly revoked and to appropriate relief incidental to this determination. Settle order accordingly.