ALICE M. B. WORM, Plaintiff, *v.* UNITED STATES TRUST COMPANY OF NEW YORK, Defendant.

First Department, February 28, 1949.

*Martin Aigner* for plaintiff.

*Robert A. West* of counsel (*Stewart & Shearer,* attorneys), for defendant.

Cohn, J. There is submitted to this court upon an agreed statement of facts a controversy as to whether an *inter vivos* trust has been effectively revoked.

Defendant, United States Trust Company of New York, is trustee under a deed of trust executed by plaintiff on January 23, 1923. The deed recites the delivery of certain enumerated securities by plaintiff to defendant in trust to pay the income therefrom to plaintiff in quarterly installments during her natural life and upon her death to pay over the remainder of the trust as she might by last will and testament appoint and '' in the absence of such direction and appointment, then to the next of kin of the party of the first part [plaintiff], in the manner and proportions directed by the laws of the State of New York for the distribution of the estates of persons dying intestate.''

On December 8, 1948, plaintiff delivered to defendant a notice in writing executed by her alone revoking the trust. At that time she had one son twenty-four years of age and another, a minor child, fourteen years of age.

The question submitted to the court is whether there has been a valid revocation by the creator of the trust pursuant to section 23 of the Personal Property Law of New York. That section provides as follows: '' Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof.'' The issue will be decided by the court's determination upon the nature of the future interest created by the terms of the deed of trust. If the future interest is found to be a reversion, the notice of revocation is valid; if the interest is found to be a remainder, the notice is invalid since presumptive remaindermen are not parties thereto.

Whether plaintiff intended to reserve a reversion in herself or to make a gift in remainder to her distributees must be determined from the terms of the trust agreement (*City Bank Farmers Trust Co.* v. *Miller,* 278 N. Y. 134, 143). The settlor's intention as expressed in the trust instrument is the controlling factor (*Richardson* v. *Richardson,* 298 N. Y. 135; *Whittemore* v. *Equitable Trust Co.,* 250 N. Y. 298; *Hussey* v. *City Bank*

*Farmers Trust Co.,* 261 N. Y. 533; *Engel* v. *Guarantee Trust Co.,* 280 N. Y. 43; *Fish* v. *Chemical Bank & Trust Co.,* 270 App. Div. 251).

In the recent case of *Richardson* v. *Richardson* (*supra*) the Court of Appeals in an opinion by Judge Conway has laid down the criteria for determining the intent of the settlor. There the court obtained its evidence of intent from the face of the deed and found that it was the settlor's intention to create a " remainder to her next of kin " because in the instrument she had: " (1) made a full and formal disposition of the principal of the trust property, (2) made no reservation of a power to grant or assign an interest in the property during her lifetime, (3) surrendered all control over the trust property except the power to make testamentary disposition thereof and the right to appoint a substitute trustee, and (4) made no provision for the return of any part of the principal to herself during her lifetime." (P. 144.)

The deed of trust in the case before us provides that the income of the trust shall be paid to the settlor during her life and upon her death the principal shall be paid over as the settlor may by will appoint, and in default of such appointment to her next of kin in the manner directed by the laws of the State of New York for the distribution of the estates of persons dying intestate. Save for an interest granted to the mother of the settlor in the *Richardson* case (*supra*) the provisions of these two deeds are quite similar. Applying the tests laid down in the *Richardson* case we find here that (1) the settlor made full and formal disposition of the principal of the trust property; (2) she made no reservation of a power to grant or assign an interest in the property during her lifetime; (3) she surrendered all control over the trust property except the power to make testamentary disposition thereof; and (4) she made no provision for the return of any part of the principal to herself during her lifetime. Clearly, therefore, a remainder interest was created by this deed. Recently this court reached the same conclusion in construing a trust instrument almost identical in its provisions to those construed in the deed of trust in the present case (*Matter of Burchell,* 274 App. Div. 925).

Since the presumptive remaindermen are not parties to the notice of revocation, such notice is insufficient under section 23 of the Personal Property Law. Defendant is accordingly entitled to judgment declaring the notice of revocation insufficient, without costs.

CALLAHAN, J. (dissenting). The prior decisions relating to this troublesome subject are consistent at least in that they agree that the intention of the settlor is the guiding factor in construing the deed of trust in order to determine whether it creates a remainder or a reversion. If such intention is to control, it seems to me abundantly clear that the settlor in the present case did not intend to grant any remainder to her next of kin.

The settlor was the income beneficiary of the single life estate granted. She reserved the right to dispose of the principal by her will. That was the substance of the trust. True, the deed contained a provision as to distribution of principal upon the termination of the trust to the effect that in case of intestacy by reason of the settlor's failure to exercise the power of appointment her next of kin were to take the principal " in the manner and proportions directed by the laws of the State of New York for the distribution of the estates of persons dying intestate." In my opinion such a provision indicates with reasonable clarity, an intention that the next of kin would take by descent and not by purchase, by operation of law and not by gift under the deed. If no such provision had been contained in the deed of trust, the same persons would take the principal at least if the settlor, a New York resident, was such a resident at the time of her death. It would seem reasonably clear under all the circumstances that the settlor did not intend to create a remainder interest in her next of kin and thus divest herself of control of her property.

This would seem far more clear in the present case than in *Matter of Scholtz* v. *Central Hanover Bk. & Tr. Co.* (295 N. Y. 488). There the deed of trust provided for the payment of income to the settlor's son for life and upon his death a transfer of the principal to his descendants, if any, and if he had no descendants to pay the same to the settlor's next of kin under the laws of the State of New York at the date of her son's death. The direction to transfer the trust to the settlor's next of kin was held equivalent to a reversion. The case was decided by applying the principle of law enunciated in *Doctor* v. *Hughes* (225 N. Y. 305, 312), to wit, that " * * * to transform into a remainder what would ordinarily be a reversion, the intention to work the transformation must be clearly expressed."

In the *Scholtz* case (*supra*) those who would be the settlor's next of kin at the time of the son's death would not necessarily be her next of kin at the time of her own death. Nevertheless, it was held that no remainder was created in the next of kin.

Other admitted facts as to the circumstances surrounding the execution of the deed as well as the language contained therein strongly support the plaintiff's claim that there was no intention on her part to divest herself of her property to the extent of granting her next of kin a remainder therein.

I dissent and vote to render judgment in favor of the plaintiff directing a revocation of the trust.

PECK, P. J., DORE and VAN VOORHIS, JJ., concur with COHN, J.; CALLAHAN, J., dissents in opinion.

Judgment granted in favor of the defendant, without costs. Settle order on notice.