Peck, P. J.
The settlor of an inter vivos trust appeals from an order denying his application for a declaration that the trust has been revoked pursuant to section 23 of the Personal Property Law. Appellant was'the only person consenting to the revocation, and it is his contention that he is the only person beneficially interested in the trust and, consequently, the only one required to consent to the revocation.
Appellant created the trust with himself and respondent as trustees. The indenture provided that the income from the trust estate should be paid to appellant until he reached the age of forty years; thereafter the income, together with the sum of . $2,000 of principal, should be paid to appellant in each calendar year until the entire principal and income of the trust estate shall have been paid to him. The provision in case of his death *567 prior to such total payment is that the trustees should pay over the principal to those persons whom the settlor should appoint by his last will and testament, and upon the failure of appointment the principal should be paid to those persons who would be entitled to take his personal estate pursuant to the laws of the State of New York existing at the time of his death.
At the time of creating the trust, appellant was a resident of New York State. At present, he resides in the State of Washington. He has a wife and infant daughter. Desiring to revoke the trust, appellant served upon respondent, as one of the trustees, a notice of revocation and his written consent, as cotrustee, to such revocation. Respondent refused to consent to the revocation upon the ground that appellant was not the only person beneficially interested in the trust. Whereupon, appellant commenced this proceeding.
The court at Special Term denied the application for an order declaring that the trust had been revoked, stating that perhaps the trust indenture merely reserved a reversion and did not create a remainder in favor of the persons who would take appellant’s personal estate, but that the question should not be determined in the absence of the two persons in being who answer that description, namely, his wife and child.
Whether the trust should be declared revoked in the absence of the wife and child depends upon whether they are persons beneficially interested in the trust under section 23 of the Personal Property Law. If they are so interested, obviously the trust may not be revoked in their absence and without their consent; if they are not so interested, the trust may be revoked without their consent, and in their absence. The question of fact underlying the legal conclusion to be drawn is the usual question in such cases, namely, whether it was the intention of the creator of the trust in the ultimate disposition of the estate to create a remainder or reserve a reversion.
The intent in this case is, of course, to be determined from the terms of the trust agreement alone. (City Bank Farmers Trust Company v. Miller, 278 N. Y. 134, 143.) The facts in this matter are not exactly like those in any case cited by the parties, but the case is most like the Miller case (supra) in which the Court of Appeals held that a reversion, rather than a remainder, was intended. See, also, Matter of Scholtz v. Central Hanover Bank & Trust Co. (295 N. Y. 488), which is the last pronouncement of the Court of Appeals on this subject.
Authority aside, however, we have no difficulty in determining that upon the facts of this case the settlor intended a reversion. *568 The settlor remained in complete control of the trust estate, constituting himself cotrustee and reserving the right to remove the other trustee, and in the provisions for distribution of income and principal evidenced no intention of benefiting anyone other than himself. The trust program contemplated his receiving during his lifetime the entire corpus of the trust, and he reserved the right by appointment under his will to determine who should receive what might remain of the corpus if he should die before its exhaustion. The' ultimate provision that any such residue, in event of failure of appointment, should go to his next of kin under the law of the State of New York is only the ultimate disposition which would be made of a reversion under the law in the absence of some different provision.
While if the settlor had been a resident of the State of Washington at the time of creating the trust, the provision for distribution in accordance with the law of the State of New York would indicate an intention to create a remainder, the settlor’s intention in that regard must be determined as of the time of creating the trust, when he was a resident of New York, and not as of some later date. His moving to the State of Washington did not change the original and only intent which is controlling.
Clearly, here was no intent to create a remainder in anyone. On the contrary, the intention was to .provide only for the settlor’s future, the final provision being that anything which might be left over should go by intestacy as in the case of a reversion. Appellant was, therefore, the only person beneficially interested in the trust, and he is entitled to revoke the same without the consent of any other person.
The order appealed from should be reversed, with $20 costs and disbursements to the appellant and the application granted.
G-lennon, Dobe, Callahan- and Van Voobhis, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the application granted. Settle order on notice.