In the Matter of the Accounting of NATIONAL CITY BANK OF NEW YORK, as Trustee, and City Bank Farmers Trust Company, as Successor Trustee under a Trust Agreement Made by FREDERICK EBLE, Deceased.

Supreme Court, Special Term, New York County, November 25, 1947.

*Mitchell, Capron, Marsh, Angulo & Cooney* for petitioner.

*Walter H. Pickett* for George Beach and others, respondents.

BENVENGA, J., This is a proceeding by the petitioners for the settlement of their accounts as trustees and for a determination of the interests, if any, of each of the respondents in the trust.

In 1922, Frederick Eble made a trust agreement with the National City Bank, as trustee, under the terms of which the settlor reserved the income of the trust to himself for life and provided that, on his death, the principal should be paid over to the persons designated in his will. The trust agreement also provided that the trust was to be deemed a New York trust, and governed by the New York law. Upon the resignation of the National City Bank, the City Bank Farmers Trust Company became successor trustee.

In 1946, the settlor died leaving a will under which he made a specific legacy of his personal effects and gave his residuary estate to the nephews and nieces named therein. Shortly thereafter the will was admitted to probate in Maryland, and letters

testamentary were issued thereon to George Eble, one of the nephews named in the residuary clause of the will, and one of the executors named therein (the other executor having renounced). Simultaneously the will, which had been executed in duplicate, was admitted to probate, in Ohio, and the respondent George Beach was appointed administrator *c.t.a.* Thereafter George Eble was appointed ancillary executor of the will by the Surrogate's Court of the County of New York.

No objection to the account having been filed by any of the parties, the only issue relates to the disposition to be made of the trust funds in the hands of the successor trustee. The ancillary executor makes no claim to the principal of the trust fund, but agrees with the claim of the residuary legatees that they are entitled to receive the same directly from the successor trustee, as appointees of the principal of the trust fund. The administrator *c.t.a.* claims that the whole fund should be paid to him, and that as such administrator the trust properly should be distributed by him to the residuary legatees. The latter contention is untenable.

It is well settled that funds held in trust are to be administered and distributed in accordance with the trust agreement, and that where the agreement provides for a power of appointment, the instrument exercising the power is read into the agreement and the fund passes directly from the trustee to the appointees, who receive the fund not by virtue of the will, but by virtue of the trust agreement, the will merely designating the beneficiaries (*Herzog* v. *Title Guarantee & Trust Co.*, 210 N. Y. 531, 532; *Guaranty Trust Co.* v. *Halsted*, 245 N. Y. 447, 458–461; *City Bank Farmers Trust Co.* v. *Green*, 160 Misc. 370, 377–380). In other words, the trust fund, under such circumstances, is not included among the assets of the settlor-decedent, to be administered and distributed by his executors or other personal representatives (*Guaranty Trust Co.* v. *Halsted, supra*, pp. 460–461).

In this connection, the difference between an appointment by will and one by deed or other trust instrument is to be borne in mind. " The latter is an act complete in itself, and the thing appointed vests from the execution of the instrument making the appointment, whereas in the former case the death of the appointor is necessary to make the act complete and to make the subject of the power pass." (Farwell on Powers [3d ed.] p. 268.)

The cases upon which the administrator *c.t.a.* relies (*Doctor* v. *Hughes,* 225 N. Y. 305; *City Bank Farmers Trust Co.* v. *Miller,*

278 N. Y. 134) are distinguishable. The question presented in these cases is whether the settlor intended, by the trust instrument, to create a reversion in the settlor or his estate or a remainder in others. It was held that, under the circumstances presented in those cases, the settlor, by the trust instrument executed by him, had created, and had intended to create, a reversion in himself or his estate, and not a remainder, vested or contingent, in others; that, therefore, the trust fund there involved was to be included among the assets of the settlor-decedent and administered and distributed by his executors or other personal representatives.

The rule applied in the *Hughes* and *Miller* cases (*supra*), recently applied by the Appellate Division in *Matter of Gordon-Chemical Bank & Trust Co.* (272 App. Div. 565) is inapplicable to the situation here presented. Here, the question whether the settlor intended to create a reversion or a remainder is academic, since the settlor validly exercised the testamentary power of appointment and effectually disposed of the trust fund (Inter Vivos Trusts and the Doctrine of the Worthier Title, 48 Yale L. J. 874, 876). As the Court of Appeals pointed out in the *Halsted* case (*supra,* pp. 459–460), the rule applied in the *Hughes* and similar cases " holds nothing to the contrary " of the rule to be applied where, as in the present case, the testamentary power of appointment is validly exercised and the trust fund effectually disposed of.

But even if the rule of the *Hughes* and *Miller* cases (*supra*) were here to be applied, the result would be the same; for it is clear that, in the instant case, it was the intention of the settlor that the trust fund here involved should pass directly from the trustees to the appointees designated in his will, and not through his executors or other personal representatives.

The accounts are judicially settled as filed. Settle order in accordance herewith. The order should also provide that the trustee pay over the amount of the accrued income to the ancillary executor.