In the Matter of the Accounting of LINCOLN ROCHESTER TRUST COMPANY, as Surviving Trustee under the Will of FLORENCE L. T. BROWN, Deceased.

Surrogate's Court, Monroe County, July 1, 1948.

*Glenn L. Buck* for Lincoln Rochester Trust Company, petitioner.

*Joseph L. Humphrey* for Church Home of the Protestant Episcopal Church, remainderman, respondent.

WITMER, S. Testatrix died in December, 1940, leaving as her sole distributee her husband, Thomas F. Brown, and leaving a will admitted to probate in this court on December 30, 1940. Nearly all of her estate was devised· and bequeathed to her husband and petitioner in trust for the husband for life. The will (paragraph eighth) gave the income of the trust to the husband and directed that the trustees pay over to the husband " from time to time such portion or portions of the principal of said trust fund as he shall, in his sole discretion, choose or elect, and I hereby give, devise and bequeath such portion or portions to him." It is further provided that upon the husband's death "should any of the trust fund * * * remain.

in the hands of said Trustee (*sic*), I hereby give, devise and bequeath the remainder thereof to such individuals, persons, corporations or societies, as shall be designated by the Last Will of my said husband, Thomas F. Brown, hereby giving him full power and authority to dispose thereof by such Last Will and Testament * * * ". The will (paragraph ninth) further provided that if the husband should predecease the testatrix, the said property mentioned in paragraph eighth should go outright to " the Church Home of the Protestant Episcopal Church in the City of Rochester, Monroe County, New York, to constitute a fund known as the ' William and Eleanor Kidd Fund ' as a part of the general fund of the said Church Home."

The trustees qualified and acted until the death of the husband in December, 1947. The husband's will, dated January 12, 1942, first disposed of his own property as distinguished from that in trust under his wife's will, the principal beneficiary thereof being his wife's cousin, Mary E. Lamport. He then (paragraph eighth) referred to his wife's will by date and his power under said will to dispose of the trust property, and he devised and bequeathed it to petitioner and Mary E. Lamport in trust to pay the income to Mary E. Lamport for life, and on her death to pay over the corpus outright " to the Church Home of the Protestant Episcopal Church in the City of Rochester, Monroe County, New York, to constitute a fund to be known as the ' William and Eleanor Kidd and Florence T. Brown Fund ' as a part of the general funds of the said Church Home." By paragraph ninth he directed " that all inheritance, transfer and estate taxes shall be paid by my executors and deducted from the residuary estate provided for in the Eighth paragraph of this Will * * * ". He appointed petitioner and Mary E. Lamport executors of his will.

Petitioner is now accounting with respect to the trust created for the life of the husband, and asks the court to determine whether or not it is entitled to full commissions thereon upon turning over the balance of said trust fund to itself and Mary E. Lamport, as executors and trustees under the will of Thomas F. Brown.

Until the year 1945, the answer to this question seemed to be clearly in the negative. (*Matter of Fordyce,* 65 N. Y. S. 2d 331, [1934], FOLEY, S.; *Matter of Deutch,* 65 N. Y. S. 2d 332, [1944], FOLEY, S., and see authorities cited in these two opinions; see *Matter of Eble,* 191 Misc. 190.) It was reasoned that a gift in trust with testamentary power of appointment

remains at all times under the exclusive jurisdiction of the court wherein the first will was probated; that the validity of any suspension of the power of alienation contained in the appointment must be determined by a consideration of the date of death of the original testator ·and the terms of his will; and that the fund must continue to be administered in the estate of the original testator as though the latter had himself named the second life beneficiary. It may also be said that in such cases for estate tax purposes, with some limitations, the property is not taxed in the estate of the donee of the power, but only in the estate of the original testator. Moreover, where the trustee accepts the duty of such office under a will authorizing the life beneficiary to appoint the remainder in trust, he takes it with the knowledge that through such appointment the trust may be continued for another life, and that in certain cases even the trustee may be changed by the donee and a successor trustee appointed. Under such circumstances commissions of the successor trustee, and, if need be, of the retiring trustee, may be fixed by the Surrogate under familiar principles. (*Matter of Bushe,* 227 N. Y. 85; *Matter of Barker,* 230 N. Y. 364; *Matter of Reckford,* 181 Misc. 211, 216; *Matter of Zinn,* 188 Misc. 675, 680.)

In *Matter of Culver* (294 N. Y. 321) the court dealt with a case much like the one at bar, and held that the accounting trustee was entitled to commissions under the will of the donee of the power as well as under its agreement with the original testator. The court said at pages 324–325: " In the distribution of estates, by will, the intention of the testator is the controlling factor. This intention is best arrived at from the language of the will and, when in harmony with the policy of the State as expressed in its statutes, will be given effect. * * * The trust created by his will was clear and was given effect. There was no expression of desire or intention to limit his daughter in the exercise of the power of appointment granted to her. When his daughter Fannie C. Buxton, exercised the power of appointment, she too expressed her testamentary intention in clear and understandable language. It is conceded by all the parties in the instant case that Mrs. Buxton exercised her power of appointment in full harmony with the donor's expressed intention. Everything she did was well within her authority and she has accomplished thereby what the donor, Culver, intended, i.e., a distribution of her share of his estate ' to such person or persons and in such

proportions as she may direct by her will '. The donee was entitled to name whoever she wished as executors and trustees of her will and when they qualified their duties were derived from the provisions of her will insofar as they were not incompatible with the will of Andrew R. Culver and here, as we have seen, there is complete compatibility. Under these circumstances, it would seem clear and undisputable that the bank's duties as trustee under the Culver trust ended when it took up its duties as cotrustee under the will of Fannie C. Buxton. It was forthwith entitled to the commissions authorized by law as then existing. The coincidence of naming the bank as cotrustee should not be construed as a continuance of the Culver trust and so to hold is to disregard the clear and fundamental fact that Fannie C. Buxton fully and finally disposed of the Culver trust for her benefit. * * * Here, however, there are two settlors, two instruments of trust, two actually different trusts and two sets of trustees.''

In *Matter of Moyse* (188 Misc. 1030) a similar situation arose, and Surrogate Collins distinguished *Matter of Culver* (*supra*) and denied minimum commissions upon the death of the life beneficiary, following the usual rule.

Petitioner also urges in this case that since the donee, Thomas F. Brown, provided in paragraph ninth of his will that all estate taxes payable on his death be paid by his executor from the remainder of the trust over which he had power of disposition, petitioner must pay over the trust fund to itself and Mary E. Lamport, as executors, to carry out this provision of the husband's will, and hence petitioner is entitled to a final full commission now. Petitioner cites in support of this argument *Matter of Morse* (N. Y. L. J., April 19, 1948, p. 1441, col. 5, Collins, S.). In the cited case the donee conditioned his bequests upon the '' ' * * * net residuary estate available for distribution ' '', including his own and the appointive property. The court said: '' It is clear that the donee intended to blend the appointive property with her own personal net residuary estate. * * * Until the administration of the estate of the donee is completed and her personal net residuary estate determined, it will be impossible to determine whether the legatees receive the stated sum or a lesser sum fixed by the stated limitation. The court holds that the appointive property is payable to the executors under the donee's will and is to be distributed by them in the manner provided in the fifth paragraph of her will.''

In the case at bar, the donee had the right to use all of the trust property in his lifetime, but he did not exercise such right. He had a power to appoint the remainder. It is open for argument as to whether such power includes the right to appoint the property to the State and Federal Governments for taxes, but in effect the provision for taxes is an indirect appointment to the beneficiaries of the husband's personal estate, and a reduction of the amount devised and bequeathed to his trustees for the benefit of Mary E. Lamport. At any rate the provision indicates the donee's intention that the fund be paid to his executors and trustees.

As stated in *Matter of Culver* (*supra*), it is a question of the intention of the testator. Surrogate FOLEY recognized this principle in denying two commissions in *Matter of Reckford* (181 Misc. 211, 217, *supra*), where he said: " The language of the will here clearly indicates continuity of holding by the trustees after the death of the primary life tenant and affords no basis for the award of additional commissions."

In the instant case, although there is language in the donor's will to the effect that she was making the gift to the persons to be appointed by her donee husband, in the main the will shows an intention that the donee may do with the property as he sees fit, and he has done so. It is only a coincidence that one of the trustees named to handle the new trust was a trustee of the original trust.

The wisdom of allowing two full commissions in a case such as this may well be doubted, since in effect the only change in the trust made by the donee is to extend it to give the life use thereof to Mary E. Lamport; and the statute provides for appropriate annual income and principal commissions for the trustee under a continuing trust. Moreover, the ruling in cases of this sort most likely will lead to the taxation of the fund as passing through the donee's estate. In view of the ruling of the Court of Appeals, however, these considerations go only to the propriety of drafting wills in this manner.

Upon the authority of *Matter of Culver* (294 N. Y. 321, *supra*) it is held that petitioner is entitled to full commissions at this time.

Submit decree accordingly.