GENEVIEVE P. KOLB, Plaintiff, *v.* EMPIRE TRUST COMPANY, as Trustee, Defendant.

First Department, June 17, 1952.

*Patrick W. Allatin* for plaintiff.

*George T. Manuel* of counsel (*Olin, Murphy & Redmond,* attorneys), for defendant.

COHN, J. On February 13, 1935, plaintiff, the settlor, created an *inter vivos* trust by executing a trust indenture, under the provisions of which she placed a bond and mortgage in the sum of $116,250 in trust with defendant. This is the only item in the trust. By the terms of the indenture, it was directed that during the life of plaintiff settlor the defendant-trustee should pay over the net income of the trust to plaintiff. Upon the death of plaintiff the income was to be paid to her daughter Mercedes. It also provided for the payment of one half of the corpus to Mercedes upon demand when she attained the age of thirty years, and the balance when she became forty. Upon the death of the survivor of plaintiff and her daughter Mercedes, the trust, by its terms, was to be terminated. If Mercedes survived plaintiff, the principal of the fund was to be paid over to the issue of Mercedes and in default of such issue or in the event that plaintiff survived, then the principal was to be paid to such persons as plaintiff appointed in her last will. If plaintiff left no valid testamentary provision, the principal was to be paid to such persons as the daughter Mercedes appointed in her last will. In the event that neither plaintiff nor her daughter Mercedes made any valid testamentary disposition, the principal was to be paid over as if the corpus were personal property belonging to plaintiff under the laws of descent and distribution of the State of New York.

In the trust indenture, provision was made for the return to plaintiff, from the first moneys received by the trustee, of $16,250. The trustee could not change any of the terms or provisions of the bond and mortgage without the consent of plaintiff. Plaintiff could also appoint a cotrustee.

The trust instrument also provided that defendant was to receive as compensation commissions at the prevailing New York statutory rates, but if the trust were to be revoked in whole or in part within five years of the date of deposit of the trust assets, the trustee was to be entitled to receive compensation upon the assets as to which the trust was to be revoked. It was also provided that instruments of revocation be executed, acknowledged and certified in the manner required to make a deed.

Plaintiff was married on March 15, 1924, but the marriage was terminated by a decree of divorce dated May 15, 1937.

Since then plaintiff has been and still is unmarried. There was no issue of the marriage, but plaintiff and her then husband had adopted Mercedes on February 11, 1932. Mercedes was unmarried on April 26, 1951. She has since married, but there has been no issue of such union.

On April 26, 1951, plaintiff served a notice of revocation of the trust. At the same time her daughter Mercedes executed and delivered to defendant her consent in writing to such revocation.

The question presented is whether or not the notice given by plaintiff to the trustee, with the consent of Mercedes thereto annexed, is sufficient to revoke the trust under section 23 of the Personal Property Law of this State.

As the trust indenture herein was executed on February 13, 1935, we are concerned only with section 23 as it existed in 1935 and prior to its recent amendment (L. 1951, ch. 180, § 1, eff. Sept. 1, 1951). It then read as follows: " Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof." (L. 1909, ch. 247.)

In order to ascertain whether or not all persons beneficially interested in the trust have properly consented to its revocation, it becomes necessary to determine whether plaintiff intended to reserve a reversion in herself capable of revocation or a remainder of a nature that could not be revoked. The solution of the problem presented is dependent upon the intention of the settlor as expressed in the trust agreement (*Richardson* v. *Richardson,* 298 N. Y. 135, 138). In that case the Court of Appeals in an opinion by Judge CONWAY held that the settlor evidenced her intention to give a remainder to her next of kin because she: "(1) made a full and formal disposition of the principal of the trust property, (2) made no reservation of a power to grant or assign an interest in the property during her lifetime, (3) surrendered all control over the trust property except the power to make testamentary disposition thereof and the right to appoint a substitute trustee, and (4) made no provision for the return of any part of the principal to herself during her lifetime." (P. 144.)

If we apply the test laid down in the *Richardson* case it is apparent that under the terms of this trust agreement there was a patent intent to create a reversion in plaintiff rather than

a remainder to her next of kin. Plaintiff did not make a full and formal disposition of the principal of the trust property, nor did she surrender all control over it. The only property placed in trust was the bond and mortgage. The trustee could not change any of its terms and provisions without the consent of plaintiff. Plaintiff thus retained a decided measure of control over the only asset which constituted trust property. Plaintiff also had the right to appoint a cotrustee. The trust instrument provided for a return to her of a portion of the trust principal not in excess of $16,250. The provision for the payment of commissions to the trustee, and the manner designated for the form of instruments of revocation supply significant additional evidence of an intention on the part of the plaintiff settlor to retain the right to revoke the trust instrument.

Plaintiff's reservation of the right to make testamentary disposition of the corpus under certain conditions we have held is not sufficient to defeat the obvious intention of plaintiff to create a reversion rather than a remainder. (*Berlenbach* v. *Chemical Bank & Trust Co.*, 235 App. Div. 170 [1st Dept.], affd. 260 N. Y. 539; *City Bank Farmers Trust Co.* v. *Miller*, 278 N. Y. 134; see, also, *Guaranty Trust Co.* v. *Armstrong*, 294 N. Y. 666.)

Since plaintiff and her daughter desired to terminate the trust and both of them have executed the necessary and proper instruments, the trust has been successfully revoked.

Accordingly, plaintiff should be entitled to judgment revoking the trust and directing that defendant deliver to her the trust property upon payment of its lawful commissions, without costs.

PECK, P. J., DORE, VAN VOORHIS and HEFFERNAN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff. Settle order on notice.