Abthub Gr. Klein, J.
Petitioner herein seeks revocation of a trust indenture executed by her on February 10, 1927, pursuant to section 23 of the Personal Property Law. On Novena *5 ber 9, 1957, the petitioner signed and acknowledged “ A Notice of Settlor Revoking an Express Trust ’ ’ and her husband and son on November 2, 1957, executed a “ Consent of Beneficiaries to Revocation of Express Trust.” There are no other persons beneficially interested unless petitioner’s next of kin are remaindermen under the terms and conditions of the deed of trust. These instruments were delivered to the trustee. The notice demanded that the trustee prepare its accounting and transfer and pay over the corpus of the trust to the settlor. The trustee expressed its inability to comply with the notice because of its uncertainty that the trust could be revoked under section 23 and its uncertainty as to whether all persons beneficially interested in the trust had consented to such revocation.
The determining factor in respect to whether the petitioner intended to reserve a reversion in herself or to make a gift in remainder is the intention of the petitioner as it appears from the terms of the trust instrument (City Bank Farmers Trust Co. v. Miller, 278 N. Y. 134, 143). The intention to create a remainder must appear affirmatively, otherwise it may be assumed that the settlor intended a reversion (Matter of Burchell, 299 N. Y. 351, 360). In the case last cited it was held that the reservation by the settlor of a testamentary power of appointment is some evidence of an intention to create a remainder (Matter of Burchell, supra). However, in the present proceeding I am not convinced that the testamentary power reserved in the trust indenture indicates clearly an intention on the part of the petitioner to create a remainder for her next of kin. My conviction on this phase of the problem presented is fortified by a reading of the reservation in the light of the context of the other provisions contained in the trust deed. The trustee is denied power to invest or reinvest in any property without the consent of the settlor. It is provided also in the trust deed that certain stated items, such as accrued income on securities at the time of their delivery to the trustee, should be regarded as income rather than as principal and should be distributed to the beneficiary, that is, to the settlor. She also provided in the indenture that all stock dividends and extraordinary cash dividends be considered as income and distributed to herself as beneficiary. The trustee was not required to set up a sinking fund for the amortization of any premiums required to be paid on the acquisition of securities and the power given to the trustee to vote on all securities was expressly made subject to the control and written instructions of the settlor.
*6 The attorneys for the trustee in the memorandum filed in this proceeding point out the foregoing provisions in support of their view that the facts here warrant the finding that the settlor did not intend to create a remainder in her next of kin and that she has duly revoked the trust.
The power the settlor retained over sales, investments and other administrative matters, the fact that the settlor is the only person named in the indenture and the fact that items otherwise allocable to trust principal are directed to be treated as income constitute sufficient indicia from which can be spelled out the intent to create a reversion and not a remainder.
Significant, also, is the omission to provide for any living person other than those to be ascertained at the time of the grantor’s death. (See Matter of Ulrich, 140 N. Y. S. 2d 771.)
Under the circumstances I am of the opinion that the dis-positive provisions of the instrument here involved create a reversion in favor of the petitioner and not a remainder for her next of kin (Matter of Coyle, 305 N. Y. 809; City Bank Farmers Trust Co. v. Miller, 278 N. Y. 134; Whittemore v. Equitable Trust Co., 250 N. Y. 298; Kolb v. Empire Trust Co., 280 App. Div. 370; Berlenbach v. Chemical Bank & Trust Co., 235 App. Div. 170, affd. 260 N. Y. 539).
The petition is granted accordingly and a final order may be entered revoking the trust and directing delivery to the petitioner of the trust corpus.
Settle order.