Vincent A. Lupiano, J.
This is a proceeding under article 79 of the Civil Practice Act to determine whether the settlor has effectively revoked a trust created by him for his own benefit.
The question to be decided is whether the settlor retained a reversion or created a remainder. The petitioner, now 55 years *515 of age, in 1927 created a trust of his investments of substantial value when he reached the age of 21 years. He is now married and has two children, both adults. The wife and children have been duly served herein and they have entered no objections to this proceeding. However, the contest is between the settlor and the trustee; the settlor being the sole income beneficiary and the only person mentioned by name as beneficiary of the trust. The parts of the trust agreement which the court deems material show that the settlor reserved to himself the right to add principal to the trust; to receive income during the term of his natural life; to reserve the right to withdraw certain specified sums from the trust at certain times and the right to dispose of the principal of the trust by will; also, the trustees agree to pay over the trust in accordance with the settlor’s will or to distribute the trust property at the settlor’s death to and among his next of kin as provided in the statutes of New York in cases of intestacy.
The intention to create a remainder must appear by “ clear expression”; otherwise it may be assumed that the grantor intended a reversion (Matter of Burchell, 299 N. Y. 351, 360). In light of this showing, it appears that the trust, created at a time when the settlor reached maturity, was not for the purpose of giving a present beneficial interest to the next of kin, but rather to obtain the benefit of a proper handling of his investments by those who were experienced in financial management, thereby relieving the settlor of the responsibility of managing and supervising the property, and resulting in a good income with the least amount of expenditure or effort on the settlor’s part.
Full appreciation of these circumstances impels the conclusion that the instrument involved herein created a reversion in favor of petitioner and not a remainder for his next of kin (City Bank Farmers Trust Co. v. Miller, 278 N. Y. 134; Whittemore v. Equitable Trust Co. of N. Y., 250 N. Y. 298; Kolb v. Empire Trust Co., 280 App. Div. 370; Julier v. Central Hanover Bank & Trust Co., 272 App. Div. 598; Berlenbach v. Chemical Bank & Trust Co., 235 App. Div. 170, affd. 260 N. Y. 539). Accordingly, the application is granted.