Otto C. Jaeger, S.
A question has arisen as to trustee’s paying commissions in connection with this proceeding for a judicial settlement of the accounts of the corporate trustee of a trust created under paragraph “ fifth ” of decedent’s will for the benefit of his brother, Edgar, who died August 16,1967.
*778 Decedent died August 10, 1963 leaving a will which was admitted to probate on September 23, 1963. Letters testamentary and letters of trusteeship were issued on the same date. In addition to the creation of a marital deduction trust in paragraph “ fourth ” for decedent’s widow with which we are not here concerned, the will creates a trust of $50,000 for each of two brothers who survived the testator (par. “ fifth ”.) The will further provides that, upon the death of each brother, the principal of his trust is to be added to the residuary estate which, under paragraph “ sixth ” of the will, is divided into two trusts, one for each of decedent’s daughters. The accounting trustee was appointed the sole trustee of the brothers’ trusts and, together with an individual trustee, was appointed cotrustee of the trusts created under paragraphs “ fourth ” and 11 sixth ” of the will.
The trust for the benefit of decedent’s brother, Edgar, having terminated by reason of his death, the corpus thereof is, pursuant to the provisions of the will, payable to the cotrustees to be added to the residuary trusts. This gives rise to the question: “ Is the corporate trustee as sole trustee of Edgar’s trust entitled to principal paying commissions upon the payment of the principal of that trust to the individual trustee and itself as trustees of the trusts under paragraph 1 sixth ”
Prior to 1945 the rules covering the payment of commissions to fiduciaries were fairly well settled and the present question would probably not have been raised were it not for the decision of the Court of Appeals in Matter of Culver (294 N. Y. 321) decided in 1945. There the court allowed receiving commissions to a bank even though the trust fund was being paid to the same bank and a cotrustee when the trust in estate “ A ” had terminated and was being paid into a trust in estate “ B ” as the result of the exercise of a power of appointment by “ B ” who was the life beneficiary of the trust under the will of “ A ”. In its decision the Court of Appeals stated (p. 325): “Perhaps some comment is desirable upon the cases relied upon by the Surrogate as authority for the proposition that under these circumstances, ‘ a trustee is entitled to but one commission because he is rendering but one service ’. These, we think, are clearly distinguishable. The fundamental and vital distinction between those cases and the instant case is that in each of them, one settlor set up one continuing trust for a two-life term by a single instrument. Under those circumstances, it could be said that there was but one trust and that a trustee thereof would be entitled to but one set of commissions. Here, however, there are *779 two settlors, two instruments of trust, two actually different trusts and two sets of trustees.”
This decision has since been distinguished in a number of cases. In Matter of Faroll (39 Misc 2d 309) the court indicated that it was concerned with one trust instrument which created three trusts out of a single fund, — not two settlors, two instruments of trust, two different trusts and two sets of trustees; in Matter of Stephens (49 Misc 2d 1003,1007) involving powers of appointment, the court stated: ‘‘ This court still believes that Matter of Culver (supra) should be limited to the facts existing in that case ”; in Matter of Molyneaux (44 Misc 2d 159,165) involving powers of appointment, the court stated: “ As pointed out by Mr. Surrogate Collins in the Moyse case, the Culver case involved a contract between the trustee and the testator. No such contract existed here ”; the court in Matter of Moyse (188 Misc. 1030) distinguished Matter of Culver (supra) on the basis that, in the latter case, a construction of a contract was involved.
In Matter of Davis (N. Y. L. J., Nov. 30, 1965, p. 16, col. 7) Surrogate Di Falco denied a paying commission to a trustee under facts similar to those in Culver. His decision was reversed by the Appellate Division, First Department (26 A D 2d 782) on the authority of Culver. However, Matter of Davis (supra) as well as Matter of Moulton (1 A D 2d 771), are distinguishable from the present case since each involved the exercise of a power of appointment by an instrument other than the will of the original decedent. Matter of Brown (192 Misc. 96) cited by the accounting trustee as authority for its position, also is distinguishable for the same reason.
In the present case we are not dealing with a separate agreement between the decedent and the corporate trustee, nor are we concerned with the exercise of a power of appointment or with two wills. The holding in Culver is not controlling on the facts of the present case.
The statute (Surrogate’s Ct. Act, § 285-b [now SOPA 2309]) authorizes a commission for ‘1 paying out all sums of money constituting principal ”. In this court’s opinion the paying over of a fund by the trustee to itself and another to be continued in further trust under the same will, does not constitute a distribution or paying out of principal which entitles the trustee to paying out commissions under the statute.
Accordingly this court holds that the accounting trustee is not entitled to principal paying commissions upon payment over of the principal of the trust to the individual trustee and itself as cotrustees of the trusts under paragraph “ sixth ”.